Salvatore de Salvo, Defendant in Error, v. Arthur E. Anderson, Plaintiff in Error.

Gen. No. 22,237.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the March term, 1916. Reversed with judgment of *nil. capiat.* Opinion filed June 26, 1916.

## Statement of the Case.

Action by Salvatore de Salvo, plaintiff, against Arthur E. Anderson, defendant, to recover earnest money paid under a contract for the purchase of real estate. to reverse a judgment of $500 for plaintiff, defendant prosecutes this writ of error. Plaintiff did not join in error or argue the cause.

It appeared from the evidence that defendant and plaintiff entered into a contract for the sale by defendant to plaintiff of certain real estate. The consideration recited in the contract to be paid by plaintiff was $7,250. The contract also recited that $500 was paid as earnest money, and that on the passing of the conveyance and closing of the transaction the remaining sum due on the purchase price was to be liquidated by the payment by plaintiff to defendant of $1,000 in money and the giving of a first mortgage for $4,000 and a second mortgage for $1,750, secured upon the premises sold. The contract and earnest money were to be held by Navigato Savings Bank in escrow for the benefit of both parties to the contract. James R. Navigato, of the bank bearing his name, was the agent who negotiated the sale and procured the contract to be signed by the parties to it.

Plaintiff refused to carry out the contract and demanded the return of the earnest money on the contention that he had been induced to sign the contract

to purchase the property by false and fraudulent representations made to him by James R. Navigato and the defendant. The representations alleged to have been false concerned taxes for the year 1913, which plaintiff claimed should have been prorated from January 1, 1913, to the date of the closing of the transaction, and which would amount to about $80 in favor of plaintiff; and the further representation that there would be no extra charge for a mortgage of $5,750, whereas, it was claimed, an expense in this regard amounting to $150 was to be paid.

It seemed that plaintiff was by birth an Italian and had at the time of the transaction lived in this country ten years. He claimed that he did not understand the English language. Navigato, who procured plaintiff's signature to the contract, spoke the Italian language, and it was in evidence that at the time the contract was signed the parties present spoke in Italian and not in English. Plaintiff paid the earnest money to Navigato and not to defendant, and he paid it at the instance of Navigato at the time he signed the contract.

Defendant did not speak Italian at the signing of the contract and it did not appear that he could speak that language. It was not claimed that defendant made any representation to plaintiff which induced him to sign the contract nor any statement in relation to it or its terms contrary to such terms. Nor did it appear that plaintiff interrogated defendant regarding the terms of the contract.

JOHN E. ANDERSON and GEORGE COHEN, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

de Salvo v. Anderson, 200 Ill. App. 29.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 355*—*when evidence insufficient to show false representations in procuring execution of contract.* In an action to recover earnest money paid under a contract for the purchase of real estate, evidence examined and *held* insufficient to show that the execution of the contract was procured by false and fraudulent representations.

2. VENDOR AND PURCHASER, § 38*—*what insufficient to constitute fraudulent representations.* In an action to recover earnest money paid under a contract for the purchase of real estate, representations as to the taxes on the property and as to the expense of the purchase money mortgages to be placed thereon, *held* to be rather in the nature of promises to be carried out in the future than representations of existent facts and therefore not to constitute fraud, though the contract was entered into in reliance upon such representations.

3. FRAUD, § 112*—*what essential to establish.* A mere allegation of fraud is insufficient, but it must be proven, and the acts or things done which in law constitute fraud must be proven by a preponderance of the evidence.

4. FRAUD, § 87*—*when not presumed.* Fraud is never presumed, and when transactions may be fairly reconciled with honesty and the weight of the evidence favors an honest motive, the conclusion of integrity should be adopted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.